URBAN RENEWAL AND COMMUNITY DEVELOPMENT AGENCY OF ` LOUISVILLE, Appellant,

v.

Gary L. MESSINGER et al., Appellees.

Court of Appeals of Kentucky.

June 28, 1974.

Rehearing Denied Sept. 20, 1974.

James C. Hickey, John G. Crutchfield, Ewen, MacKenzie & Peden, Louisville, for appellant.

O. Grant Bruton, John R. McCall, Middleton, Seelbach, Wolford, Willis & Cochran, Charles S. Cassis, William C. Stone, Marshall, Cochran, Heyburn & Wells, Raymond O. Harmon, William P. Swain, Boehl, Stopher, Graves & Deindoerfer, James Thornberry, Joseph H. Eckert, Louisville, for appellees.

VANCE, Commissioner.

This is an appeal by the Urban Renewal and Community Development Agency of Louisville, hereinafter referred to as Ur-

ban Renewal, from a judgment against it in favor of Gary Messinger, an employee of Louisville Gas and Electric Company, who was injured while cutting a trench through a sidewalk abutting Market Street in Louisville for the purpose of laying an underground electric line to premises owned by Louisville Produce Plaza, Inc., and leased by them to the Great Atlantic & Pacific Food Stores. An A & P Food Store was under construction at the time of the injury.

The injury to Messinger occurred when, because of a void beneath it, the sidewalk collapsed while Messinger was cutting through the surface with a jackhammer and he fell into the cavity and was crushed underneath debris which fell on top of him.

Urban Renewal had adopted a redevelopment project which included the property on the south side of Market Street between Floyd and Preston Streets. The redevelopment consisted of acquiring the property, demolition of buildings, laying utility lines in the streets and reconstruction of the sidewalks. There was testimony that Urban Renewal's responsibility with respect to utility lines was limited to laying utility lines in the streets and that the connection of service lines to the property of individual owners and customers was the responsibility of the individual owner and customer.

Urban Renewal acquired title to the property on which the A & P Store was constructed in November 1966. Existing buildings on the property were demolished and it was conveyed to Louisville Produce Plaza, Inc., in October 1967. Gary Messinger was injured on December 26, 1967. He brought action against Urban Renewal, the City of Louisville, Louisville Water Company, Louisville Produce Plaza, Inc., and SKS Wrecking, Inc., the demolition contractor.

Service was never obtained upon SKS Wrecking, Inc. The complaint was dismissed as to Louisville Water Company and Louisville Produce Plaza, Inc., upon completion of the opening statements of counsel. A jury returned a verdict against the City of Louisville and Urban Renewal. Only Urban Renewal has appealed.

The claim against Urban Renewal was premised upon the theory that it was negligent by reason of (1) its breach of self-imposed duties, (2) its breach of common-law duties and (3) its breach of duties imposed upon it as an owner of a servitude in the sidewalk.

■ As to common-law duties Messinger cites Restatement, Torts 2d, Section 343, p. 215, which provides as follows:

"Section 343. Dangerous Conditions Known to or Discoverable by Possessor

"A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

"(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

"(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

"(c) fails to exercise reasonable care to protect them against danger."

We are unable to find in the record any evidence that Urban Renewal was the possessor of the sidewalk in question at the time of the accident and thus the duties imposed upon possessors of land are not applicable. It is also by no means clear that Gary Messinger was an invitee of Urban Renewal.

■ The claim that Urban Renewal had certain duties as the owner of a servitude in the sidewalk is also untenable because it is based upon the thesis that Urban Renewal "took over" the sidewalk for its own

purposes. We find no evidence in the record that Urban Renewal had "taken over" the sidewalk in question.

■ Thus Messinger's verdict, if it is to stand, must rest upon the alleged violation by Urban Renewal of self-imposed duties. It is claimed that Urban Renewal in the development of this project was bound to exercise that degree of care which ordinarily careful and prudent Urban Renewal Agencies usually exercise under like or similar circumstances.

Herbert Fink, Director of Redevelopment, Planning and Design of Urban Renewal, admitted that under ideal conditions Urban Renewal would normally break up a sidewalk, fill as necessary and permit utilities to lay their lines, before laying the new sidewalk. This procedure was said to be desirable from the standpoint of economy as well as for safety.

In the instant case the utility involved was installing its service lines before rather than after Urban Renewal had broken up the old sidewalk and filled the voids underneath it. Louisville Gas & Electric Company obtained a permit from the city, not from Urban Renewal, for the installation. The installation involved was a service line to an individual customer and nothing in the record shows that it was within the scope of Urban Renewal's responsibility or that Urban Renewal had requested the connection of the electric service.

We do not believe that Urban Renewal had any responsibility for the safety of the sidewalk until it assumed possession of the sidewalk and undertook the reconstruction. Nor do we believe that Urban Renewal had any duty, or even right, to prevent Louisville Gas & Electric from furnishing electric service to its customers.

The so-called self-imposed duties upon Urban Renewal arose from the testimony that under ideal conditions Urban Renewal normally would tear up the sidewalk before utilities were installed. The installation of the utility service here was not done at the direction of Urban Renewal and we fail to see the violation of any duty owed by Urban Renewal to the injured workman.

We reverse the judgment with directions that appellant's motion for judgment n. o. v. or non obstante veredicto be sustained.

All concur.